## SUPREME COURT.

### CLARK agt. CLARK.

Under the act of 1852 (*ch.* 277) an *infant* plaintiff in *partition* must first obtain *authority from the court* to institute the proceedings.

The act also requires a *next friend* to be appointed for the infant, who must give *security.*

*New York Special Term, June,* 1861.

INGRAHAM, Justice. The purchaser, under a decree in partition, asks to be discharged from the purchase, for various irregularities.

I. Because the infant plaintiff did not first obtain from the court authority to institute the proceedings. This was

undoubtedly necessary when the infant was the sole plaintiff; and so far as the rights of the infant were affected, it was equally necessary in this case. The act of 1852, ch. 277, requires such a proceeding, whenever proceedings are instituted on behalf of an infant. Before this statute an infant could not maintain an action for partition.

There is nothing in the act of 1852 which confers any authority now on an infant for such purpose, except it be obtained for him through the court, previous to commencing the action.

II. It was also erroneous to allow the infant to act by guardian, without security. The Revised Statutes required the guardian for an infant defendant to give security; and the act of 1852 requires a next friend to be appointed, who shall give like security.

III. The purchaser alleges no service on the infant. This would be objectionable; but the plaintiff's affidavit shows that such service was made.

There are other objections, which it is not necessary now to notice. For the reason first mentioned, the sale must be set aside, and the purchaser released from the purchase.

The ten per cent paid by the purchaser must be refunded, and $100 paid for expenses of purchase, and costs. Such amount to be paid out of the proceeds on a re-sale.